Argued and submitted September 11, reversed and remanded for new trial
October 14, 1987

STATE OF OREGON,
*Respondent,*

*v.*

JOYCE KAY BAILEY,
*Appellant.*

(B68-768; CA A42865)

743 P2d 1123

George W. Kelly, Eugene, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and John A. Reuling, Jr., Assistant Attorney General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant was convicted in a jury trial of theft in the second degree, ORS 164.045(1),[1] for eating and not paying for an 87 cent package of cashews from the stock in her employer's grocery store. She appeals, and we reverse.

Defendant first contends that the trial court erred in excluding evidence that it was the employer's policy or practice to allow employes to eat food from the store and pay for it later.[2] We agree. At trial, defendant testified that she had intended to pay for the package of cashews but forgot to do so when "she got busy talking" to the cashier. She thus asserted the defense that she lacked the requisite "intent to deprive another of property * * *." ORS 164.015. The evidence con-

---

[1] ORS 164.045(1) provides:

"(1) A person commits the crime of theft in the second degree if, by other than extortion, the person:

"(a) Commits theft as defined in ORS 164.015; and

"(b) The total value of the property in a single or aggregate transaction is under $200."

Subsection (b) of that statute was amended by Or Laws 1987, ch 907, § 3, *effective* September 27, 1987, to read:

"(b) The total value of the property in a single or aggregate transaction is $50 or more but is under $200 in a case of theft by receiving and under $500 in any other case."

ORS 164.015 provides, in pertinent part:

"A person commits theft when, with intent to deprive another of property or to appropriate property to himself or to a third person, he:

"(1) Takes, appropriates, obtains or withholds such property from an owner thereof * * *."

[2] state contends that defendant made no offer of proof on this issue. However, as the following colloquy demonstrates, defense counsel made as much of a record as the trial court allowed him:

"Defense Counsel [examining witness, a co-worker of defendant]: Did you eat food there [at the store]?

"District Attorney: Objection, your honor.

"The Court: Sustained.

"Defense Counsel: If I could approach the bench.

"The Court: No need, counsel. Ask your next question.

"Defense Counsel: I would like to make a record.

"The Court: OK, the jury will be out for about three minutes. Please do not discuss the case.

"[Pause]

"Defense Counsel: I apologize for the delay, but the question is, what kind of

cerning the store's policy or practice is relevant in considering whether defendant had the requisite intent. If the factfinder were to find that defendant's conduct did not deviate from the employer's policy or practice, it might infer, as she contends, that she merely forgot to pay for the cashews, and that might affect its verdict. Excluding that evidence was error, and, because the error was not harmless, *see State v. Hansen,* 304 Or 169, 180, 743 P2d 157 (1987), we reverse.

We address defendant's other assignment of error because the issue may arise on remand. She contends that the trial court erred in sustaining the state's objection to a question asked by defense counsel of a co-worker of defendant concerning defendant's reputation for honesty.

·OEC 404(2)(a) provides:

"Evidence of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:

"(a)   Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same."

Under that rule, defendant is entitled to adduce evidence concerning a character trait of hers *only if* the trait is pertinent *to the offense charged.* That same evidence would not be admissible under OEC 404(2)(a) if it went only to her credibility as a witness or the veracity of her testimony at trial. It follows that, under that rule, defendant can introduce evidence of her

---

conduct did the store tolerate? And if she can—

    "The Court: It makes no difference.

    "Defense Counsel: If she can testify that other people—

    "The Court: Sir, it makes no difference.

    "Defense Counsel: If she can testify that she saw them do it—

    "The Court: [Counsel], listen carefully. It makes no difference. None. Zero. OK?

    "Defense Counsel: I-I-I just wanted to say what I had to say. That's all.

    "The Court: You've said it, right?

    "Defense Counsel: [inaudible]

    "The Court: OK, the jury will be returned."

On this record, we conclude that defendant made a sufficient offer of proof to preserve error.

character trait for honesty *only if* it relates to her propensity to commit theft.[3]

Reversed and remanded for a new trial.

---

[3] Defendant made no offer of proof on this issue and, despite the state's concession that the witness should have been allowed to answer, on this record we cannot determine whether the testimony would have been admissible under OEC 404(2)(a).