Argued and submitted September 1, affirmed October 25, 1995, petition for review denied January 30, 1996 (322 Or 598)

## STATE OF OREGON
*Respondent,*

*v.*

## ROGER SCOTT REEDER,
*Appellant.*

(94-020284; CA A86937)

904 P2d 644

Gary D. Babcock argued the cause and filed the brief for appellant.

Janie M. Burcart, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Defendant seeks reversal of his convictions for sodomy and first-degree sexual abuse. ORS 163.405; ORS 163.427. We affirm.

Defendant was accused of sexually abusing the nine-year-old son of a family friend. Defendant proposed to call approximately 10 witnesses who would have testified that during the last decade defendant had been involved with their children in recreational activities and taken them on overnight camping trips. He also wanted to ask the witnesses whether there had been "any problems that have arisen during the camping" and to have each witness testify that defendant had not engaged in sexual abuse on those occasions. According to defendant, that testimony was admissible as "character of his trait for propensity to not commit sexual aberrations." The trial court sustained the state's objection to both of those inquiries on the grounds that evidence that defendant did not abuse children on other occasions is not relevant and that the proffered testimony is not evidence of a pertinent character trait within the meaning of OEC 404(2)(a). Defendant then made the following offer of proof:

> "[T]he witnesses would say * * * that their children have been associated with [defendant] for anywhere from one to ten years on many, many familiar occasions, staying overnight every weekend for three years. * * * In each of the instances of all of the witnesses that will be here, that they would testify that they have an opinion as to the character of [defendant] as far as his propensity for committing *the accused act*, and it is completely out of his character." (Emphasis supplied.)

■   Defendant assigns error to the trial court's exclusion of the proffered testimony. He contends that the evidence is admissible under OEC 404(2)(a) as character evidence supporting his defense. The state responds that evidence of defendant's propensity to commit sex crimes is not admissible as showing a pertinent trait of defendant's character, because there is no such character trait as committing or not committing sex crimes.

OEC 404(2) provides:

"Evidence of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:

"* * * * *

"(a) Evidence of a pertinent trait of character offered by an accused * * *."

Although "character" is not defined in the Oregon Evidence Code,

" 'Character' generally indicates 'a person's disposition or propensity towards certain behavior, such as honesty,' * * * or 'a person's tendency to act in a certain way in all varying situations of life.' " *State v. Carr*, 302 Or 20, 25, 725 P2d 1287 (1986) (quoting Laird Kirkpatrick, *Oregon Evidence* 115 (1982) and Legislative Commentary to OEC 406).

In *State v. Marshall*, 312 Or 367, 372, 823 P2d 961 (1991), the court observed:

"Character evidence * * * is evidence of a particular human trait, such as truthfulness, honesty, temperance, carefulness, or peacefulness, *etc*. A person's character with respect to truthfulness means that person's propensity to tell the truth in all the varying situations of life. A person's character with respect to carefulness means that person's propensity to act with care in all the varying situations of life."

When character evidence is offered for one of the purposes allowed under OEC 402(2), proof may be made by reputation or opinion testimony, but not by reference to specific instances of conduct. *Marshall*, 312 Or at 373; *see* OEC 405.

On appeal, defendant contends that the proposed testimony relates to his good reputation in the community for morality and decency and that this case is controlled by *State v. Bailey*, 87 Or App 664, 743 P2d 1123 (1987). *Bailey* involved an alleged theft of a package of cashews and whether evidence of the defendant's character trait of honesty was admissible. We held that under OEC 404(2) a defendant is entitled to introduce evidence of *a character trait* if the trait is pertinent to the offense charged. *Id.* at 667. In this case,

during both pretrial motions and trial, defendant characterized the proposed testimony as addressing his propensity to commit the alleged act and demonstrating that it is completely out of character for him. Defendant did not propose to inquire of the witnesses about his character trait for decency or morality. Rather, the inquiries focused on how defendant had acted toward specific children on specific occasions in the past. *Bailey* therefore is inapposite.

Because proof of character evidence may not be made by reference to specific instances of conduct, *Marshall*, 312 Or at 373; *see* OEC 405(1), evidence of defendant's sexual *behavior* or lack thereof is not admissible as a character trait under OEC 404(2)(a). The trial court did not abuse its discretion in excluding defendant's proffered testimony.

Affirmed.