274 August 7, 2024 No. 553

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TOMMY RAY ORMSBY,
*Defendant-Appellant.*

Jackson County Circuit Court
21CR02389; A177734

Laura A. Cromwell, Judge.

Submitted December 11, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Defendant was tried by a jury and found guilty of second-degree manslaughter and criminally negligent homicide. In this criminal appeal, defendant challenges his conviction for manslaughter in the second degree, ORS 163.125.[1] Defendant raises one assignment of error, arguing that the trial court erred in excluding statements that defendant made to a police detective during an interview, regarding the victims' reputation in the community. For reasons explained below, we conclude that the trial court did not err in excluding the challenged statements because the challenged testimony was inadmissible hearsay. We affirm.

Defendant lived on rural property in Jackson County. One day, defendant was target shooting on his property when he was confronted by his neighbors, Sutton, and Sutton's son, S, who believed that defendant was firing in their direction and that they were in danger. The three men got into a physical altercation, and during the scuffle, defendant shot and killed S.

Later that day, defendant spoke with Detective Burchfiel. During the interview, defendant told the detective that: (1) defendant believed that Sutton had a violent history; (2) defendant believed that S and Sutton were going to "kick the shit out of me" and knew they had done that to other people; and (3) defendant knew that both S and Sutton had a history of assaulting people and Sutton had been involved with the law several times.

At trial, defendant claimed self-defense. The state offered into evidence a redacted portion of defendant's interview with Burchfiel. When defense counsel attempted to cross-examine Burchfiel regarding defendant's knowledge of S or Sutton's history of violence, the state objected on hearsay grounds. Defendant responded that the statements were

---

[1]   The state charged defendant with murder in the second degree, ORS 163.115, manslaughter in the second degree, and criminally negligent homicide, ORS 163.145. Defendant was tried by a jury and found guilty of second-degree manslaughter and criminally negligent homicide. The jury failed to reach a verdict for second-degree murder, and the court dismissed that count at the state's request (Count 1). The trial court merged the two guilty verdicts into a single conviction for second-degree manslaughter and imposed a sentence of 75 months in prison and three years of post-prison supervision.

admissible under the "rule of completeness," OEC 106, and were not hearsay because they were statements of a party opponent. The trial court excluded the evidence, ruling that the challenged statements were not admissible under OEC 106.

On appeal, defendant argues that the trial court erred in excluding his statements to Burchfiel concerning defendant's knowledge of S's and Sutton's history of violence. Specifically, defendant argues that those statements were admissible under a combination of OEC 106 and OEC 803(21).

OEC 106[2] is structured to prevent evidence from being presented to a jury out of context. *State v. Tooley*, 265 Or App 30, 47, 333 P3d 348 (2014) (citing *State v. Batty*, 109 Or App 62, 70, 819 P2d 732 (1991), *rev den*, 312 Or 588 (1992)). The rule has two distinct applications. Relevant here, the first application "governs situations where an opponent seeks to bring out additional evidence through cross-examination of a witness." Laird C. Kirkpatrick, *Oregon Evidence* § 106.04, 75 (7th ed 2020).[3] In that situation, "[i]f part of an act, declaration, conversation, or writing is discussed in the witness' direct testimony, the rule allows cross-examination upon the whole of the same subject." *Id*. Further, OEC 106 also permits introduction of supplementary evidence when two conditions are met. First, the supplementary evidence must be "necessary" to make the original evidence understood. *Tooley*, 265 Or App at 47. Second, the supplementary evidence must be otherwise admissible. *Id*. Thus, assuming that the challenged statements were "necessary," the issue turns on whether the supplementary

---

[2] OEC 106 provides:

"When part of an act, declaration, conversation or writing is given in evidence by one party, the whole on the same subject, where otherwise admissible, may at that time be inquired into by the other; when a letter is read, the answer may at that time be given; and when a detached act, declaration, conversation or writing is given in evidence, any other act, declaration, conversation or writing which is necessary to make it understood may at that time also be given in evidence."

[3] The second application of OEC 106 applies when the opponent attempts to offer supplementary evidence by means other than cross-examination. Kirkpatrick, *Oregon Evidence* § 106.04 at 75. That application is not implicated here.

evidence was otherwise admissible. In this case, defendant contends that the challenged statements were "otherwise admissible" under OEC 803(21).

OEC 803(21) provides, in pertinent part, that hearsay statements are not excluded under OEC 802 when they concern "[r]eputation of a person's character among associates of the person or in the community." OEC 803(21). Legislative commentary to OEC 803(21) states that the rule is, in effect, a reiteration of OEC 405 in the context of the hearsay rules. *See* Legislative Commentary to OEC 803(21) *reprinted in* Kirkpatrick, *Oregon Evidence* § 803.21 ("The exception is in effect a reiteration, in the context of hearsay, of OEC 405."). OEC 405(1) provides that, when admissible, evidence of character or of a character trait may be made "by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct." Thus, when character evidence is offered for one of the purposes allowed under the evidence code, proof may be made by reputation or opinion testimony, but not by reference to specific instances of conduct, unless it is elicited on cross-examination. *State v. Reeder*, 137 Or App 421, 424, 904 P2d 644 (1995).

Here, defendant sought to admit statements that he made to Burchfiel regarding S's and Sutton's reputation for violence. Defendant could have introduced testimony about what he knew of S's and Sutton's reputation for violence if he had testified at trial and relayed his own impressions to the jury. The problem, however, is that defendant wanted to present his statements through Burchfiel's testimony. In that circumstance, the statements that defendant wanted to put in front of the jury were covered by two layers of hearsay. The first layer was defendant's recollection of what he had previously heard about S's and Sutton's reputation for violence. Those recollections would be admissible under OEC 803(21) exception to the hearsay rule, because they relay information about S's and Sutton's reputation in the community.

However, the second layer of hearsay was defendant's statements to Burchfiel. If Burchfiel had testified at trial about what defendant told him during the interview,

he would be relaying both a hearsay statement from defendant and a hearsay statement made by some other declarant to defendant about S's and Sutton's reputations for violence. The OEC 803(21) exception would only cover the latter hearsay statements, not defendant's statements to Burchfiel. The evidence code makes clear that layered hearsay is admissible only "if each part of the combined statements conforms with an exception set forth in [OEC 803] or [OEC 804]." OEC 805. In other words, each layer of hearsay must fall under one of the exceptions to the hearsay rule. Here, there are clearly two hearsay statements, and the defendant offers no exception for his statement to the officer.[4] Thus, even assuming it was necessary, it was not admissible, and the trial court did not err, plainly or otherwise, in excluding defendant's out-of-court statements.

Affirmed.

---

[4] OEC 803(3) provides a "state of mind" exception to hearsay. That rule, however, only offers for "then existing" state of mind. Here, defendant's historical recollection of his state of mind would still be hearsay.